No. 12,625.

LOWRIE *v.* HARVEY.
(10 P. [2d] 335)

Decided March 14, 1932.

Mr. S. R. ROBERTSON, for plaintiff in error.

Mr. WAYNE C. WILLIAMS, Mr. FRED S. CALDWELL, for defendant in error.

*In Department.*

MR. JUSTICE MOORE delivered the opinion of the court.

LOWRIE sued Harvey, sheriff of Clear Creek county, to

recover a certain $1,000 United States Liberty Loan Gold Bond deposited by the plaintiff with the defendant to secure the appearance of one Dobson, before the district court of Clear Creek county to answer to a criminal charge theretofore filed. A demurrer for want of facts was filed by defendant, sustained by the court and the plaintiff having elected to stand upon his complaint, the action was dismissed. This writ is prosecuted by Lowrie to review the judgment.

The complaint alleges that a criminal charge was filed on the 5th of October, 1927, in the justice of the peace court in Clear Creek county against M. J. Dobson, who voluntarily appeared, waived preliminary hearing, requested to be released on bond and pursuant to the order of the justice of the peace, he was bound over to the district court and bond fixed at $1,000. Plaintiff tendered to the defendant the liberty bond in question which was accepted in lieu of a statutory bond. Upon the filing of an information in the district court charging Dobson with obtaining money under false pretenses, said bond was retained by the defendant as bond for Dobson's appearance in the district court. Thereafter at the request of the complaining witness, Gibbons, the court dismissed the suit and ordered the bondsman discharged. Prior to the filing of the criminal charge, Gibbons had judgment against Dobson in the district court and an execution issued thereunder was delivered to defendant after the dismissal of said criminal action. Pursuant thereto defendant levied upon the liberty bond in question as the property of Dobson with full knowledge of plaintiff's ownership thereof. Plaintiff denied Dobson's ownership and alleged ownership in himself, demand for possession and refusal of defendant to return.

It is the contention of defendant in error, evidently adopted by the lower court, that there being no statutory provision for the acceptance of cash or its equivalent in lieu of the bond required by section 7059, C. L. of 1921, that when the sheriff accepted the liberty

bond in question and released the prisoner he violated section 6807, C. L. of 1921, and the plaintiff participating therein cannot recover.

Counsel for defendant in error cite numerous cases in support of their contention. These decisions involve cases in which a cash bond had been accepted in lieu of the recognizance called for by statute, where a forfeiture of the bond had been declared and the person supplying the cash bond undertook to recover the money; cases in which a cash bond had been accepted and a fine or judgment of costs in the criminal case had been assessed against the accused, raising the question as to whether the cash bail is subject to the payment of fine and costs and cases involving an attempt to have a cash deposit returned prior to the disposition of a criminal case without producing the defendant. None of these cases is applicable to the facts here presented.

Assuming, but not deciding, that the sheriff had no power to accept defendant's liberty bond in lieu of the bond authorized by section 7059, supra, as an officer of the court, he certainly held himself out as having the power to accept it. The plaintiff undoubtedly relied upon this ostensible authority and deposited the bond in perfect good faith believing that it would be returned to him after the conditions of the deposit had been complied with. The acceptance of the bond did not work an injustice upon the court because the defendant held himself subject to the court's jurisdiction until the information against him was dismissed and the bondsman discharged. In these circumstances it would be extremely unfair either to permit the sheriff to retain the bond or to hold that it shall be forfeited to the county under the assumption that plaintiff participated in a technical violation of section 6807, C. L. of 1921. The plaintiff being the owner and entitled to the possession of the bond in question, the sheriff's reason for withholding it is immaterial from a legal standpoint, but the absurdity and

injustice of the probable result of a ruling sustaining the lower court should not be overlooked.

A creditor files a criminal charge against his judgment debtor as a result of which a cash bond owned by a third party is furnished in lieu of a statutory bond. The criminal charge is dismissed and the bond levied upon by the sheriff as the property of the judgment debtor, whose asserted ownership cannot be contested by the real owner, and the value thereof diverted to the payment pro tanto of the creditor's judgment. We do not impeach the good faith of counsel, but the principle is one that might lead to disastrous consequences.

The court erred in sustaining the demurrer to the complaint and in dismissing the action.

The judgment is reversed and the cause remanded.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BUTLER concur.